Lynda J. Zadra-Symes (SBN 156,511)
lynda.zadra-symes@knobbe.com
Cheryl T. Burgess (SBN 250,101)
cheryl.burgess@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile: 949-760-9502

Attorneys for Defendant.
SKYCO SKYLIGHTS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SKYCO SHADING SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SKYCO SKYLIGHTS, INC., <br><br> Defendant. | Case No. <br> SACV16-00851 CJC (DFMx) <br><br> **SKYCO SKYLIGHTS, INC.'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** <br><br> Honorable Cormac J. Carney |

Defendant Skyco Skylights, Inc. ("Defendant") hereby answers the Complaint of Plaintiff Skyco Shading Systems, Inc. ("Plaintiff") as follows:

## PARTIES

1. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, and therefore denies those allegations.

2. Defendant admits the allegations of Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Defendant admits that Plaintiff's purported action arises under Section 32 of the Lanham Act, 15 U.S.C. § 1114; Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and that this court has jurisdiction over the purported action under the provisions of 15 U.S.C. §§ 1116 and 1121 and 28 U.S.C. §§ 1331, 1338, and 1367, but denies that there is any factual or legal basis for Plaintiff's claims.

4. Defendant admits the allegations of Paragraph 4 of the Complaint for purposes of this litigation.

5. Defendant admits, for purposes of this litigation, that it resides and transacts business in this District and that this Court has personal jurisdiction over the Defendant, but denies the remaining allegations in Paragraph 5 of the Complaint.

## FACTUAL ALLEGATIONS

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and, therefore, denies those allegations.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and, therefore, denies those allegations.

8. Defendant denies that SKYCO is a well-known word and design trademark used to identify and distinguish Plaintiff's products from those of its

competitors and other businesses in the sun control, shading, and natural lighting marketplaces. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint and, therefore, denies those allegations.

9. Defendant admits that Exhibit 1 is what purports to be a copy of U.S. Trademark Registration No. 4,850,211 for the word mark SKYCO for non-motorized and motorized window blinds and shades and parts thereof. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 of the Complaint and, therefore, denies those allegations.

10. Defendant admits that Exhibit 2 is what purports to be a copy of U.S. Trademark Registration No. 4,850,217 for the design mark SKYCO for non-motorized and motorized window blinds and shades and parts thereof. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 of the Complaint and, therefore, denies those allegations.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, therefore, denies those allegations.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, therefore, denies those allegations.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, therefore, denies those allegations.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, therefore, denies those allegations.

1  15.  Defendant denies the allegations in Paragraph 15 of the Complaint.

2  16.  Defendant denies the allegations in Paragraph 16 of the Complaint.

## SKYCO SKYLIGHT'S ALLEGED INFRINGEMENT OF THE SKYCO MARKS

17.  Defendant admits the allegations in Paragraph 17 of the Complaint.

18.  Defendant admits that it was formed as a California corporation in 2014. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 of the Complaint and, therefore, denies those allegations.

19.  Defendant admits that it uses the mark SKYCO SKYLIGHTS in association with the sale and marketing of skylight products and services. Defendant denies the remaining allegations in Paragraph 19 of the Complaint.

20.  Defendant denies the allegations in Paragraph 20 of the Complaint.

21.  Defendant admits that it began using the mark SKYCO SKYLIGHTS in 2014. Defendant denies the remaining allegations in Paragraph 21 of the Complaint.

22.  Defendant admits that it registered the domain name skycoskylights.com in January 2014 and the domain name directs end-users to a web page that sells Defendant's skylight products and services. Defendant denies the remaining allegations in Paragraph 22 of the Complaint.

23.  Defendant denies the allegations in Paragraph 23 of the Complaint.

24.  Defendant denies the allegations in Paragraph 24 of the Complaint.

25.  Defendant denies the allegations in Paragraph 25 of the Complaint.

26.  Defendant denies the allegations in Paragraph 26 of the Complaint.

27.  Defendant denies the allegations in Paragraph 27 of the Complaint.

28.  Defendant denies the allegations in Paragraph 28 of the Complaint.

29.  Defendant denies the allegations in Paragraph 29 of the Complaint.

30.  Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

## COUNT I: REGISTERED TRADEMARK INFRINGEMENT UNDER SECTION 32 OF THE LANHAM ACT, 15 U.S.C. § 1114

32. Defendant incorporates by reference its answers to the allegations in Paragraphs 1 through 31 of the Complaint as though fully set forth herein.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

## COUNT II: FALSE DESIGNATION OF ORIGIN UNDER SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

36. Defendant incorporates by reference its answers to the allegations in Paragraphs 1 through 35 of the Complaint as though fully set forth herein.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

## COUNT III: UNFAIR TRADE PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200 ET SEQ.

40. Defendant incorporates by reference its answers to the allegations in Paragraphs 1 through 39 of the Complaint as though fully set forth herein.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

## DEMAND FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief, either as prayed for in its Complaint or otherwise.

/ / /

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Laches)

1. Each of Plaintiff's claims is barred, in whole or in part, by the doctrine of laches.

### SECOND AFFIRMATIVE DEFENSE
### (Waiver)

2. Each of Plaintiff's claims is barred, in whole or in part, by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

3. Each of Plaintiff's claims is barred, in whole or in part, by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE
### (Acquiescence)

4. Each of Plaintiff's claims is barred, in whole or in part, by the doctrine of acquiescence.

### FIFTH AFFIRMATIVE DEFENSE
### (No Secondary Meaning)

5. Plaintiff's marks are not protectable because they lack distinctiveness and have not acquired secondary meaning.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

6. Each of Plaintiff's claims fails to state a claim upon which relief can be granted.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for the following relief:

1       A.    That Plaintiff take nothing by way of its Complaint and that the same
2  be dismissed with prejudice; and
3       B.    That Defendant be awarded such other and further relief as the Court
4  deems just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 26, 2016       /s/ *Cheryl T. Burgess*
Lynda J. Zadra-Symes
Cheryl T. Burgess

Attorneys for Defendant
SKYCO SKYLIGHTS, INC.

## JURY DEMAND

Defendant demands a trial by jury for all issues in Defendant's Answer and Affirmative Defenses that are triable by a jury.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 26, 2016

*/s/ Cheryl T. Burgess*
Lynda J. Zadra-Symes
Cheryl T. Burgess

Attorneys for Defendant
SKYCO SKYLIGHTS, INC.

23857975